FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TRAVIS LEE VAN PELT,<br><br>  Defendant. | **ATTENTION U.S. PROBATION**<br><br>NO. 1:16-cr-2039-SAB<br><br>**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

## INTRODUCTION

Before the Court is Travis Lee Van Pelt's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 110. Defendant seeks to set aside his July 28, 2017 sentence of 20 months of imprisonment for the sexual abuse of a minor, due to his attorney's alleged failure to investigate and present exculpatory evidence and failure to raise evidentiary challenges during plea negotiations and at his sentencing. ECF No. 110, at 16. Although Mr. Van Pelt asks us to forgive the motion's untimeliness, it is timely. However, Mr. Van Pelt waived his right to such an appeal in his plea bargain, and even if this petition were not covered by that waiver, it fails to adequately plead a claim of ineffective assistance of counsel.

## PROCEDURAL POSTURE AND TIMELINESS

On February 15, 2017, Travis Lee Van Pelt pleaded guilty to Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2243(a) and 18 U.S.C. § 1153, because he

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1**

is an enrolled member of the Yakama Nation and the crime occurred on the reservation and on trust land. ECF No. 54. An amended plea was entered on July 26, 2017. ECF 98. It included a waiver of appeal and a waiver of post-conviction motions under 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not presently known. ECF No. 98.

Mr. Van Pelt was sentenced to 20 months incarceration and 15 years of supervised release on July 28, 2017. ECF No. 98. This was a variance below the guideline range of 41 months of incarceration, due to Mr. Van Pelt's employment record and family ties and responsibilities. ECF No. 102.

A one–year period of limitations applies to Section 2225 motions. 28 U.S.C. § 2255(f). Because Mr. Van Pelt does not allege unlawful governmental action impeding his motion, nor a newly recognized right, nor newly discovered facts, the limitations period began to run on the date on which the judgment of conviction became final. *Id.* Mr. Van Pelt's judgment was issued on July 28, 2017. ECF 101. The time for filing a notice of appeal expired on Friday, August 11, 2017. Fed. R. App. P. 4(b)(1)(A). Thus, the period of limitations expired on August 11, 2018. A Section 2255 motion is considered timely if deposited in the prison mailing system on or before the last day of filing. R. 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Van Pelt placed his motion in the prison mailing system on August 8, 2018. ECF 110, at 13. Therefore, his motion is timely, notwithstanding his misapprehension to the contrary.

**STANDARD**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States,

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2**

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.*

A court may dismiss a Section 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In addition, the Court shall hold an evidentiary hearing on a petitioner's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

Here, Mr. Van Pelt's motion does not survive to an evidentiary motion for two reasons. First, he has waived his right to post-conviction appeals, and the waiver covers this challenge and was made knowingly and voluntarily. Second, Mr. Van Pelt has failed to state a claim upon which relief could be granted.

*(1) Mr. Van Pelt Waived His Right to Collaterally Attack His Sentence.*

A defendant may waive his right to appeal and collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A waiver, pursuant to a plea agreement, is enforceable if (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made. *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015). Where a defendant's challenge raises issues encompassed by a valid, enforceable waiver, the appeal or collateral attack generally must be dismissed. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (citations omitted). That is precisely the case here.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ꝫ 3**

*A. The scope of Mr. Van Pelt's waiver*

In his plea agreement, Mr. Van Pelt admitted to the factual basis of Count 1 and acknowledged that the maximum statutory penalties for this offense included fifteen years imprisonment and a fine of up to $250,000, plus a term of supervised release of not less than three years and no more than life. Amended Plea Agreement, ECF No. 98, ¶ 1. Mr. Van Pelt expressly waived his right to appeal or collaterally attack his sentence, except under limited circumstances:

> 16. Appeal Rights
> Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than forty-one months' imprisonment, Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order and order of supervised release. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, **except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the court imposes the sentence.**

*Id.*, ¶ 16 (emphasis added.)

*B. The alleged grounds for relief are within the scope of the waiver*

Mr. Van Pelt alleges three grounds for relief. First, he challenges the admissibility of references to an expunged record of dismissed charges of abduction and child molestation from 2014. ECF No. 110 at 14. Second, he alleges that statements made by the prosecutor as part of the plea negotiations regarding his use of the internet to contact the minor victim lacked evidentiary support, and that the statements "effected not only my case but the lawyer I was representing me to be less effective going forward." *Id.* Finally, he disputes the admissibility of text conversations between him and the minor victim. *Id.* at 14-15. Mr. Van Pelt argues that the three grounds were all "key grounds" used at

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4**

sentencing and throughout the indictment and prosecution of the case. *Id.* at 15.

All of these grounds are encompassed by the waiver, due to their nature and the timing. They are evidentiary disputes known to Mr. Van Pelt before his July 28, 2017 judgment. Details regarding the 2014 charges were included in the presentencing investigation report filed on June 16, 2017. ECF 79. The statements regarding his use of the internet were, by his own admission, made prior to his sentencing, and descriptions of the disputed text conversations were included in the statement of facts that he stipulated to as part of his plea agreement. ECF 98.

While ground two includes a reference to his counsel's performance, Mr. Van Pelt does not allege that his counsel was ineffective. Rather, ground two alleges that the prosecutor's statements "caused his lawyer to be less effective going forward." What is more, the exception in his plea waiver for a Section 2255 motion based on ineffective assistance of counsel only allows for such a motion based on information not known by Mr. Van Pelt until after sentencing. ECF No. 98, ¶ 16. Mr. Van Pelt argues that the statements challenged in ground two led to his signing of the plea agreement, because the prosecutor threatened to add a charge of enticement of a minor if he did not plea out. ECF No. 110, at 14. Because all three listed grounds are evidentiary challenges known to Mr. Van Pelt prior to sentencing, they are encompassed by the waiver.

Although not listed as a ground for his claim, Mr. Van Pelt does reference his attorney's performance elsewhere in his motion. He argues that his motion's perceived untimeliness should be forgiven because his attorney was aware of the three grounds of his claim but failed to act on them. ECF No. 110, at 16. Mr. Van Pelt also alleges, "I feel there were facts my lawyer knew or could have found out to act on my best interests to give me the best chance at proving my innocence, but I feel he failed to present/research these facts." *Id.* Even if the Court interpreted this as an alternative IAC ground for his claim, it is within the scope

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE –** 5

of the waiver because Mr. Van Pelt knew of his attorney's inaction regarding the evidentiary complaint before his sentence issued. Thus, all of the potential grounds for Mr. Van Pelt's motion are within the scope of the plea waiver.

*C: The waiver is enforceable against all alleged grounds.*

Generally, a waiver contained within a plea agreement is enforceable if (1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made. *Medina-Carrasco*, 815 F.3d at 461. Additionally, in some circumstances a claim of ineffective assistance of counsel can render an otherwise valid waiver unenforceable. In *Washington v. Lampert*, the Ninth Circuit held that a plea waiver that waives the right to post-conviction appeals is unenforceable "with respect to an IAC claim that challenges the voluntariness of the waiver." 422 F.3d 864, 871 (9th Cir. 2005). The Ninth Circuit previously indicated in *dicta* that an express waiver of a Section 2255 motion would bar an IAC claim "related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). District courts in this circuit have distinguished between IAC claims that argue that counsel's deficient performance rendered the plea waivers unknowing or involuntary and those that merely attack counsel's performance unrelated to the validity of the waiver. *See, e.g., Ceja v. United States*, No. CR F 06-0387 AWI, 2010 WL 4806904, at *3 (E.D. Cal. Nov. 18, 2010); *Pastoriza-Valerio v. United States*, No. 04CR3066-LAB, 2009 WL 69326, at *4 (S.D. Cal. Jan. 9, 2009).

On February 15, 2017, this Court accepted a plea agreement, finding that Mr. Van Pelt was competent to enter the plea and that the plea was knowing, voluntary and intelligent. ECF No. 55. Nowhere in Mr. Van Pelt's motion does he argue that his entry into the plea was anything other than knowing and voluntary, nor does he challenge the sufficiency of the plea colloquy. And while his motion contains aspersions of ineffective assistance of counsel, they are, as in *Ceja* and

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6**

*Pastoriza-Valerio*, not sufficient to render the waiver unenforceable as they do not challenge the waiver provision or plea agreement, but rather the sentencing result. ("I believe if the grounds would have been presented by my lawyer to the courts I would have got my charged dismissed due to lack of evidence or at sentencing I would have got a far less sentence.") ECF No. 110. Thus, the plea waiver is valid and enforceable, barring Mr. Van Pelt's motion for post-conviction relief.

    *(2)    Mr. Van Pelt Has Failed to Allege Ineffective Assistance of Counsel.*

Even if this Court reached an ineffective assistance of counsel claim, Mr. Van Pelt's motion would still be dismissed. He has failed to allege sufficient facts to support an ineffective assistance of counsel claim, and the record demonstrates that he is not entitled to relief. In *Hill v. Lockhart*, the Supreme Court held that the *Strickland* test for evaluating ineffective assistance of counsel claims applies to guilty plea challenges based on ineffective assistance of counsel. 474 U.S. 52, 58, (1985). The Supreme Court reasoned that a defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 56. Thus, to prevail, Mr. Van Pelt must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59. Mr. Van Pelt's claim is based on his counsel's refusal to object to (1) the prosecutor's references to his dismissed charge prior to and at sentencing, (2) the prosecution's claim that he could be charged with using enticing a minor, and (3) the admissibility of texts. Not only has Mr. Van Pelt failed to demonstrate prejudice stemming from his counsel's refusal to object to those three grounds, the record shows there was none.

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE – 7**

Mr. Van Pelt did in fact object to the use of his dismissed prior and the claim that he enticed a minor using a computer in his objections to the Presentence Report. ECF No. 69. Those objections were included in an amended addendum to the Presentence Report. ECF No. 103. No prejudice could flow from counsel's failure to make objections that were in fact made. With regard to the text messages, Mr. Van Pelt's argument that they are inadmissible because they are "circumstantial evidence" is without merit, and insufficient to support the prejudice prong of *Strickland*. Not only were the texts referenced in the stipulated facts portion of the plea agreement, Mr. Van Pelt's counsel even referenced them in the Sentencing Proceeding as proof of the consensual nature of the sexual relationship. Verbatim Report of Official Transcript, ECF No. 95 at 6. Mr. Van Pelt has failed to adequately allege either prong of *Strickland*, and the record shows the absence of prejudice. Thus, even if this Court reaches the merits, the motion should be dismissed.

In denying his Section 2255 Motion, the Court must address whether Mr. Van Pelt should be granted a certificate of appealability. *See* R. 11(a), Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. MacDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Based on the foregoing analysis, no reasonable jurist would find debatable the issues raised by the Section 2255 Motion. The claim is barred by waiver, and even if the Court finds it debatable whether or not the waiver bars an ineffective assistance of counsel claim, and even if the Court finds it debatable whether Mr. Van Pelt properly raised such a claim, the claim lacks sufficient factual

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE - 8**

allegations to support either prong of *Strickland*. *United States v. McCandless*, No. 17-16964, 2018 WL 1586964, at *1 (9th Cir. Jan. 30, 2018), *cert. denied*, 138 S. Ct. 2592, 201 L. Ed. 2d 307 (2018) (denying certificate of appealability because appellant has not shown that "jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling") (internal quotation marks omitted.) Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, and **DENIES** a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, ECF No. 110, is **DENIED**.

2. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 23rd day of October 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 9**